UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-80877-AMC

RHINO FISH, LLC,

                Plaintiff,

vs.

STEWART & STEVENSON FDDA, LLC,
d/b/a FLORIDA DETROIT DEISEL-ALLISON

                Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT [ECF No. 35]

Plaintiff Rhino Fish, LLC, sues Defendant Florida Detroit Deisel-Allison ("FDDA") for breach of contract and negligence relating to a 2016 pre-purchase inspection of yacht engines and a 2018 repair of those engines. ECF No. 32. FDDA moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) or alternatively, to transfer this case to the Middle District of Florida under 28 U.S.C. § 1404(a). The motion should be DENIED.

### LEGAL PRINCIPLES

*Improper Venue*

Judge Marra has cogently summarized the legal standards for a motion to dismiss for improper venue:

> "Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause." *Slater v. Energy Services Group Intern., Inc.,* 634 F.3d 1326, 1333 (11th Cir.2011). "In considering a

> motion under Rule 12(b)(3), a court must accept the facts in a plaintiff's complaint as true." *Walker v. Hallmark Bank & Trust, Ltd.,* 707 F.Supp.2d 1322, 1325 (S.D.Fla.2010) (citing *Wai v. Rainbow Holdings,* 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004). A court may also "consider matters outside the pleadings if presented in proper form by the parties." *Id.* (quoting *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.,* 146 F. Supp.2d 1344, 1349 (S.D.Fla.2001). "Where conflicts exist between allegations in the complaint and evidence outside the pleadings, the court 'must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.' " *Id.* (quoting *Wai,* 315 F. Supp.2d at 1268).

*Malik v. Hood*, No. 11-81090-CIV, 2012 WL 1906306, at *1 (S.D. Fla. May 25, 2012) (J. Marra).

*Transfer*

Title 28, United States Code Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Thus, the court must conduct a two-pronged inquiry. First, it must determine whether the case may have been brought in the desired district of transfer. *See Aasi Beneficiaries' Tr. by & Through Welt v. AVX Corp.*, No. 16-CV-23691, 2017 WL 3503400, at *2 (S.D. Fla. June 14, 2017) (J. Gayles) (citing *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002). If so, the court "must weigh various factors . . . to determine if a transfer . . . is justified." *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

"Courts have broad discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Game*

*Controller Tech. LLC v. Sony Computer Entm't Am. LLC,* 994 F. Supp. 2d 1268, 1271 (S.D. Fla. 2014) (J. Altonaga) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Courts typically consider the following factors in ruling on a motion to transfer:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Game Controller Tech,* 994 F. Supp. 2d at 1272 (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135, n. 1 (11th Cir. 2005)).

The movant has a high burden to show that the requested transfer is warranted because a plaintiff's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Game Controller Tech,* 994 F. Supp. 2d at 1272 (quoting *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996)).

When a defendant files a motion to transfer under §1404(a) to enforce a forum-selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* "Under general contract principles, the plain meaning of a contract's language governs its interpretation." *Slater v. Energy Services Group Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (interpreting forum-selection clause).

## DISCUSSION

Rhino Fish is a limited liability company that owns a 74' sport fishing vessel M/Y Rhino Fish f/k/a M/Y Live Oak One ("the Subject Vessel").  Second Amended Complaint ("SAC"), ECF No. 32 ¶¶ 5, 10, 14. [1]  The Subject Vessel was purchased in 2016 after FDDA inspected it.  ¶ 14.  In 2018, FDDA did additional repairs on the Subject Vessel. ¶ 16.  In March 2021, the Subject Vessel suffered significant damage because of a fuel injection pump failure.  ¶ 20.  The SAC alleges that this damage resulted from FDDA's failure to properly inspect and/or repair the Subject Vessel.

Rhino Fish employed HMY Yacht Sales, Inc. as its sales agent in purchasing the Subject Vessel. ¶ 13.  In that capacity, on or about May 17, 2016, HMY Yacht Sales contracted with FDDA to inspect the Subject Vessel's engines. ¶¶ 15, 49. FDDA did the inspection, for which it was paid $1422.14.  ¶ 52; ECF No. 32-5.

The parties dispute which paperwork accurately documents the contract. Attached as Exhibit D to the SAC is a one-page Marine Repair Order ("MRO") dated May 17, 2016, for "FDD-A Order Number J200221."  ECF No. 32-4 at 2.  Next to the signature block on the page is a space to acknowledge "the additional provisions on the reverse side of this document."  *Id.* That space is blank:

---

[1] Unless otherwise specified, all paragraph citations (noted as "¶" or "¶¶") are references to the numbered paragraphs in the SAC.

> I hereby authorize the above repair work to be done along with the necessary material and hereby grant you and/or your employees permission to operate the vehicle or engine herein described on streets, highways or elsewhere for the purpose of testing and/or inspection. An express mechanic's lien is hereby acknowledged on the above vehicle or engine to secure the amount of repairs thereto. Repairer is not responsible for loss or damage to articles left with or in the vehicle or engine in case of fire, theft or any other cause beyond its control.
>
> Please initial:
> Notice: I have read and understand the additional provisions on the reverse side of this document.    INITIALS _____
>
> Please sign: [signature]
> CUSTOMER OR AUTHORIZED AGENT
>
> WOR103   05/17/16 07:59:16    EQUIPMENT PICK UP DATE _____    SIGNATURE _____
> WPBSRV01F

The SAC alleges that this document is the entirety of the written contract between HMY Yacht Sales and FDDA. ¶ 50.

FDDA disputes that the document appended to the SAC is the entire MRO. As part of its Motion to Dismiss, it includes an affidavit from its Service Manager swearing that the MRO had a second page containing terms and conditions that included a forum selection clause. ECF No. 35-1 ¶¶ 9, 16. A two-page MRO is an exhibit to the Service Manager's affidavit. ECF No. 35-2. The first page matches the document appended to the SAC. ECF No. 35-1 at 2. The second page includes additional terms, including a forum selection clause that requires any claims to be litigated in "the proper Court of the Fourth Judicial Circuit, in and for Duval County, Florida." *Id.* at 3.

Rhino Fish's Response to the Motion to Dismiss disputes that the second page was part of the paperwork executed by HMY Yacht Sales. In the alternative, it argues that, even if the second page was part of the MRO, it terms were never incorporated into the contract between the parties. Rhino Fish notes that its agent did not initial the space that accepted any additional terms. *E.g.,* ECF No. 36 at 4 ("To the extent a venue provision or any other provision was printed on the back of the MRO, these

5

were not accepted by HMY and are not binding on RHINO FISH.").[2]

Drawing all reasonable inferences and resolving all factual conflicts in favor of Rhino Fish, as I must at this stage of the litigation, I cannot conclude that the inspection contract included an enforceable forum selection clause. There is a factual dispute whether a second page existed. That dispute must be resolved in favor of Rhino Fish. Even if a second page existed that incorporated additional terms, Rhino Fish's agent did not acknowledge or accept those terms. Drawing all reasonable inferences in favor of Rhino Fish, its agent rejected any additional terms and FDDA then performed the inspection understanding that Rhino Fish did not agree to the forum selection clause. Either way, the motion to dismiss under Rule 12(b)(3) must be denied.

In the alternative, FDDA's request for transfer of venue also fails. It relies on the existence of a valid forum selection clause. For the reasons discussed above, I cannot conclude that such a clause exists. Moreover, on the present record, the § 1404 factors would not warrant a transfer. Rhino Fish is a citizen of North Carolina, with its principal place of business in North Carolina. ¶ 4. FDDA is located in the Southern District of Florida. ¶ 6. FDDA's invoice indicates the Subject Vessel was located in the Southern District of Florida when it was repaired. ECF No. 32-2 at 3. The Subject Vessel was damaged while "being operated in the Atlantic Ocean on a voyage

---

[2] The paperwork for the 2018 repairs contained a mandatory arbitration clause and a clause deeming all claims to have arisen in Harris County, Texas. *See* ECF No. 35-3. In its Motion, FDDA does not seek to enforce either of these provisions. *See* ECF No. 35 at 5 n.3 (neither waiving nor seeking to enforce arbitration clause); *id.* at 6 (seeking to transfer entire case to the Middle District of Florida).

originating in Palm Beach County." ¶ 20. There is no evidence in the record that any party, witness, or relevant evidence is located in the Middle District of Florida. The relevant events occurred in the Southern District of Florida. None of the other § 1404 factors militate in favor of a transfer.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss or in the Alternative to Transfer Venue.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 16th day of February, 2022, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE